## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

**JOHN T. MOORE,**

> **Plaintiff,**

**vs.**                                    **Cause No.:**

**WALTER LEE BEAULEAU and**
**KENNESAW TRANSPORTATION, INC.,**

> **Defendants.**

### COMPLAINT FOR NEGLIGENCE AND PERSONAL INJURY

**COMES NOW** the Plaintiff, by and through his counsel, Bregman & Loman, P.C. (Eric Loman and Sam Bregman) and for his Complaint states the following:

### Parties and Jurisdiction

1.      Plaintiff is a resident of and is domiciled in Colorado.

2.      Upon information and belief, Defendant Beauleau is a resident of and is domiciled in Georgia.

3.      Upon information and belief, Defendant Kennesaw Transportation, Inc. is domiciled in Georgia.

4.      Complete diversity exists in this case for purposes of subject matter jurisdiction.

5.      The motor vehicle accident upon which this action is based occurred in Guadalupe County, New Mexico on or about August 16, 2012.

6.      The damages suffered by the Plaintiff exceed $75,000.

7.      This Court has jurisdiction over the parties and this matter.

8.      This Court is a proper venue for this action.

### Factual Allegations

9.      On or about August 16, 2012, Plaintiff was travelling eastbound on Interstate 40 in Guadalupe County, New Mexico.

10.     At that time, the New Mexico State Police was conducting a sobriety checkpoint on Interstate 40.

11.     Plaintiff, along with the rest of traffic, slowed to a stop for the checkpoint.

12.     At that same time, Defendant Beauleau was also driving eastbound on Interstate 40 in the same area as the Plaintiff.

13.     Beauleau was operating a semi-tractor trailer.

14.     Beauleau did not slow or stop for the checkpoint and collided with the back of Plaintiff's vehicle, which caused Plaintiff's vehicle to also strike the vehicle in front of him.

15.     Plaintiff was injured as a result of the accident, including a severe injury to his back, and suffered other damages, including lost wages, lost earning capacity and loss of lifestyle.

16.     Beauleau was cited for careless driving.

### Negligence

17.     Plaintiff incorporates the preceding paragraphs as though set forth herein.

18.     Beauleau had a duty to exercise reasonable care while operating his vehicle. That duty was owed to the general public, including Plaintiff.

19.     Beauleau breached his duty of care by negligently colliding with Plaintiff's vehicle.

20.     As a result of Beauleau's negligence, Plaintiff was injured and suffered damages.

21.     As Beauleau violated traffic laws, his actions were negligent *per se*.

22.     Plaintiff is entitled to a judgment against Beauleau for all compensatory damages, pre- and post-judgment interest and costs of this action.

## **Vicarious Liability**

23.     Plaintiff incorporates the preceding paragraphs as though set forth herein.

24.     Beauleau was an employee or agent of Kennesaw Transportation, Inc. and was acting in the course and scope of his employment or agency when the accident occurred.

25.     Kennesaw Transportation, Inc. owned the truck that was driven by Beauleau at the time of the accident.

26.     Kennesaw Transportation, Inc. is vicariously liable for the negligence of its employee or agent.

27.     Plaintiff is entitled to a judgment against Kennesaw Transportation, Inc. for all compensatory damages, pre- and post-judgment interest and costs of this action.

## **Jury Demand**

28.     The Plaintiff requests a jury in this matter.

**WHEREFORE** Plaintiff respectfully requests that judgment be entered against the Defendants for all compensable damages, interest, costs of this action and any other relief that the Court deems just and proper.

Respectfully submitted,

**BREGMAN & LOMAN, P.C.**

By: _____

Eric Loman
Sam Bregman
Attorneys for Plaintiff
901 Third St. N.W., Ste. A
Albuquerque, NM 87102
(505) 761-5700